## DUNSMUIR v. BRADSHAW, Collector of Customs.

*(Circuit Court of Appeals, Ninth Circuit. April 19, 1892.)*

SHIPPING—PUBLIC REGULATIONS—TOWAGE BY FOREIGN TUGS.

Under Rev. St. U. S. § 4370, imposing a penalty against foreign tugs towing American vessels from one American port to another, except where the towing is partly in foreign waters, a British tug is not liable where the towing is done partly on the British side of the straits of San Juan de Fuca, even though it might have been done entirely on the American side, in the absence of any allegation that the British waters were entered collusively or for the purpose of evading the statute.

Appeal from the District Court of the United States for the District of Washington, Northern Division.

The Lorne, a British tug, was seized by the collector of the district of Puget sound, under the provisions of section 4370, Rev. St. U. S., for an alleged illegal towing of the ship Oriental, a documented vessel of the United States, from the high seas through the straits of San Juan de Fuca and the waters of Puget sound to Tacoma, in the state of Washington. The owner of the tug paid under protest a fine of $884, and brought this libel to recover the same as having been illegally exacted. The respondent answered, alleging that, although a portion of the towing was upon the British side of the boundary line between the United States and the British possessions, it was not necessarily so, and that it might all have been done upon the American waters. A demurrer to this defense was overruled, and a decree entered dismissing the libel, upon the ground that none of the waters are "foreign waters," within the meaning of the statute.

*Burke, Shepard & Woods, (Thomas R. Shepard,* of counsel,) for appellant.

*Patrick H. Winston,* U. S. Dist. Atty., for appellee.

Before GILBERT, Circuit Judge, and DEADY and HAWLEY, District Judges.

GILBERT, Circuit Judge. The principles decided by this court in the case of *The Pilot,* 50 Fed. Rep. 437, govern the decision of this case. The additional defense that the towing might all have been done upon the American side of the boundary line, and without entering foreign waters, can make no difference with the result. It is not alleged that the foreign waters were entered collusively, or for the purpose, on the part of the tug, of evading the statute. The decree is reversed, with instructions to sustain the demurrer to the answer and for further proceedings.